LoConto, PJ.
This matter came before the Western Appellate Division on an appeal under Rule 8C of the District/Municipal Courts Rules for Appellate Division Appeal. The defendant/appellant, Luisa Economou (Economou), is aggrieved by the trial judge’s finding that she was liable to the plaintiffs (Chevaliers) under an agency theory. Specifically, she insists that there was insufficient evidence to support the trial judge’s ultimate ruling that the defendant, Manuel Luis Docarmo (Docarmo), her father, acted as her agent in his dealings with the Chevaliers. Docarmo did not appeal and the finding against him in his capacity as an agent has gone unchallenged. The facts necessary for an understanding of the issues, taken from the judge’s findings, are as follows.
On or about September 5,1989, the Chevaliers responded to an ad in the Yankee Shopper listing a house for rent in Pittsfield, Massachusetts. At the time they *73 were in need of a place to live after the plaintiff, Joseph Chevalier, retired from his prior position. This employment included living accommodations. Docarmo, who had placed the ad, showed the Chevaliers the house and assured them that although it was in the process of renovation, it would be ready by the first of October. In reliance upon these representations, the Chevaliers entered into an agreement and tendered the first and last month’s rent of $550.00. The Chevaliers abandoned plans to move into this dwelling when Thanksgiving arrived and the renovations remained incomplete. The plaintiffs’ complaint is grounded in breach of contract, violation of Chapter 186, section 15B and Chapter 93A.[2]
At the above-mentioned time, Economou legally owned the building in question. It had been conveyed to her by her father in June 1985. She and her immediate family moved from there in July 1988, leaving it in the complete control of her father. The judge found that Docarmo never disclosed his daughter’s interest in the property and that the Chevaliers did not know of Economou’s interest by any other means. The trial judge further adopted Economou’s representations that "she allowed her father to do whatever he wished with the property.” In December 1989, the Chevaliers caused a 93A demand letter to be served upon Docarmo, unaware of Economou’s interest in the property. The judge found that “all effective communications were between the Chevaliers and Docarmo.”
We conclude that the ultimate ruling of the trial judge that Economou is liable under an agency theory is not supported by the judge’s findings of fact or by the record. The trial court found that Economou “had little, if anything, to do with the ownership, operation or management [of the property] subsequent to her move from the premises in July 1988” and she “allowed her father to do whatever he wished with the property; therefore, the court finds as a matter of fact that Docarmo’s representations to Chevalier concerning the property were made with apparent authority, if not express authority.”
Express or implied authority are the two kinds of actual authority, which authority comes from the words or conduct of the principal which manifests directly to the agent a consent that the agent should act on account of the principal. RESTATEMENT, 2D, AGENCY, §7. “Actual authority is express when the principal communicates to the agent, fully and explicitly, the acts he wishes the agent to perform and the extent of his authority to perform them.” ALPERIN AND SHUBOW, SUMMARY OF BASIC LAW, 14 Mass. Practice Series, §1.22, n.3. This relationship results from the manifestation of consent by one person to another that the other shall act on behalf and subject to his control. Kirkpatrick v. Boston Mut. Life Ins. Co., 393 Mass. 640 (1985). See also, Canney v. City of Chelsea, 925 F. Supp. 58 (1996). There is no evidence that Economou and her father created a relationship wherein the latter was acting on behalf and subject to the control of the former. The testimony of Economou and the facts found creditable by the trial judge were to the contrary. Economou expressed no interest in the operation and management of the property and gave her father permission to do whatever he wanted. This arrangement is inconsistent with the creation of an express agency. Therefore, we rule that no express agency was created.
What is essential for the creation of an agency under the theory of apparent authority is that the third party believe and have reason to believe that the principal has granted authority to the agent. “Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other’s manifestations to such third persons.” RESTATEMENT, 2D, AGENCY, §8. It is essential to the creation of an agency by apparent authority that the principal communicate to a third person that another is his agent. There can be no apparent *74 authority created by an undisclosed principal. Braden v. Trustees of Phillips Academy, 321 Mass. 53 (1947). Furthermore, the plaintiffs are limited by the rule that a person cannot set up an apparent authority unless he relied on it when he entered into the transaction; and also by the rule that a person who deals with an agent not as agent but as principal cannot set up an apparent authority which the agent may be said to have. Essex County Acceptance Corp. v. Pierce-Arrow Sales Co. of Boston, 288 Mass. 270 (1934). In the present case, the plaintiffs contracted with Docarmo as a principal, and are estopped from asserting that he is his daughter’s agent. Therefore, apparent authority cannot be the basis for finding Economou liable to the plaintiffs as principal for her purported agent father.
Accordingly, we order that the clerk of the trial court vacate the judgment entered for the plaintiffs against the defendant, Economou, on the counts alleging breach of contract and violation of Chapter 186, section 15, and order that judgment enter for the defendant, Economou, on both counts.

 After trial, judgment entered for the defendant, Economou, on the 93A count.